IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL CURTIS REYNOLDS,          :
                                  :
    Petitioner                    :     CIVIL NO. 3:CV-18-691
                                  :
v.                                :
                                  :     (Judge Conaboy)
                                  :
UNITED STATES OF AMERICA,         :
                                  :
    Respondent                    :

## MEMORANDUM
### Background

    Michael Curtis Reynolds, an inmate presently confined at the Hazleton Federal Correctional Institution, Bruceton Mills, West Virginia (FCI-Hazleton), filed this pro se motion seeking relief pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Reynolds' submission is accompanied by an in forma pauperis application. Named as Respondent is the United states of America.

    Hazel-Atlas, a decision regarding a civil case, recognized that a court may set aside its own judgment when the judgment was obtained by fraudulent means. See Mumma v. High Spec, Inc., 2010 WL 4386718 (3d Cir. Nov. 5, 2010). Based upon a review of Reynold's allegations that his federal criminal conviction was fraudulently obtained, his request for release from custody, and

1

recognizing that liberal treatment must be afforded to pro se litigants, Reynolds' motion will be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons outlined below, Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be dismissed without prejudice.

Petitioner was convicted of federal criminal charges following a July, 2007 jury trial before the Honorable Edwin M. Kosik of this district court. See United States v. Reynolds, Case No. 3:05-CR-493. Reynolds was found guilty of multiple terrorism related criminal offenses. He was sentenced to a term of imprisonment on November 6, 2007. By decision dated March 18, 2010, the United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction.

Petitioner thereafter sought collateral relief via a petition pursuant to 28 U.S.C. § 2255. His petition was dismissed on the merits by decision dated August 15, 2012. Reynolds next filed actions in the United States District Court for the Central District of California which were construed as seeking § 2255 relief and transferred to this district. Those actions were subsequently dismissed by decision dated November 28, 2012, because Petitioner failed to obtain authorization to file a second or successive § 2225 action from the Third Circuit Court of Appeals. A February 25, 2014 decision by the Third Circuit Court of Appeals likewise observed that Petitioner has filed unauthorized second or

2

successive § 2255 petitions. See United States v. Reynolds, C.A. No. 13-4195, slip op. at 2 (3d Cir. Feb. 12, 2014).

Reynolds also previously filed multiple unsuccessful § 2241 petitions with this Court challenging the legality of his federal prosecution. See Reynolds v. Bledsoe, Civil No. 4:CV-08-909 and Reynolds v. Kosik, Civil No. 4:CV-08-293; Reynolds v. Martinez, Civil No. 4:CV-08-2094.[1]

Reynolds' pending habeas corpus petition again challenges the legality of his federal criminal conviction. Petitioner has submitted a 36 page narrative which asserts multiple claims including allegations that: (1) it was physically impossible for him to have committed an e mail crime within the confines of this district; (2) a prosecution witness was coerced; (3) false statements and testimony by an FBI agent was used to obtain his conviction; and (4) illegally seized evidence was used against him.

## Discussion

Section 2241 petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (the Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the

---

[1] Reynolds has also previously unsuccessfully attempted to challenge the legality of his federal criminal prosecution by filing civil rights complaints.

3

Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.). Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

When challenging the validity of a federal conviction and sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251;

4

Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Furthermore, Petitioner's assertion of actual innocence does not authorize this Court to consider his habeas corpus petition. Reynolds' claim is not based upon the contention that his conduct is no longer criminal as a result of some change in the law. Nor has he shown that he is unable to present his claims in a § 2255 proceeding. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because

5

of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Reynolds' claims do not fall within this narrow exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). Moreover, Reynolds cannot evade the limitations of § 2255 by simply labeling his action as being a Hazel-Atlas motion. It is also noted that a review of the docket of Petitioner's criminal case shows that he has also recently filed a Hazel-Atlas motion in that proceeding and as such if would not be proper for this Court to entertain the same request in a separate proceeding.

Since it has not been established that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, Reynolds' pending § 2241 petition which challenges the legality of his federal criminal conviction will be dismissed without prejudice to any right Reynolds may have to reassert his present claims via a properly filed § 2255 petition. An appropriate Order will enter.

> RICHARD P. CONABOY
> United States District Judge

DATED: APRIL 4th, 2018

6